# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| WAYNE WOLBERG, )<br>      Plaintiff, )<br>  v. )<br>       )<br>DANIEL STAMER, *et al.*, )<br>      Defendants. ) | CAUSE NO.: 2:14-CV-447-JD-JEM |

## OPINION AND ORDER

This matter is before the Court on a Plaintiff's Motion for Writs of Garnishment [DE 28], filed by Plaintiff on November 5, 2015. In this case, a default judgement of $262,383.50, was entered by the Clerk of the Court against Defendant Stamer in favor of Plaintiff. Plaintiff seeks Writs of Garnishment for bank accounts possibly held by Defendant Stamer at nine financial institutions: JP Morgan Chase Bank, PNC Bank, Fifth Third Bank, First Merchants Bank, BMO Harris Bank, Horizon Bank, TCF Bank, Citibank, and Citizens Bank.

Plaintiffs' Motion is governed by Federal Rule of Civil Procedure 69(a), which provides, in relevant part:

> A money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution--and in proceedings supplementary to and in aid of judgment or execution--must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies.

Fed. R. Civ. P. 69(a)(1). Indiana Trial Rule 69(E) governs proceedings supplemental, including garnishment proceedings, and provides:

> (E) Proceedings supplemental to execution . . . may be enforced by verified motion or with affidavits in the court where the judgment is rendered alleging generally:

> (1) that the plaintiff owns the judgment against the defendant;
>
> (2) that the plaintiff has no cause to believe that levy of execution against the defendant will satisfy the judgment;
>
> (3) that the defendant appear before the court to answer as to . . . non-exempt property subject to execution or proceedings supplemental to execution . . .
>
> (4) *if a person is named as garnishee, that garnishee has or will have specified or unspecified nonexempt property of, or an obligation owing to the judgment debtor subject to execution or proceedings supplemental to execution, and that the garnishee be ordered to appear and answer concerning the same or answer interrogatories submitted with the motion.*

Ind. Tr. R. 69(E) (emphasis added).

Accordingly, proceedings supplemental are generally required before the Court issues a garnishment order. Courts have explained that:

> At a proceeding supplemental, it is the duty of the judgment-debtor to pay the judgment or come forward with property so that execution may proceed. Generally, three types of relief are available to a judgment-creditor through a proceedings supplemental: 1) the judgment-debtor is required to appear before the trial court and be examined as to available property; 2) the judgment-debtor is required to apply particular property to the satisfaction of the judgment; and 3) a third-party garnishee is joined as a party and is required to answer as to non-exempt property held by the garnishee for the debtor or an obligation owing from the third-party to the debtor.

*Freidline v. Thomalla*, 852 N.E.2d 17, 20 (Ind. Ct. App. 2006) (internal citation omitted) (citing *Lewis v. Rex Metal Craft, Inc.*, 831 N.E.2d 812, 817 (Ind. Ct. App. 2005)).

Garnishment proceedings are a "means by which a judgment-creditor seeks to reach property or credits of a judgment-debtor which are in the hands of a third person so that they may be applied in favor of the judgment." *Id*. (citing *Keaton v. Fort Wayne Neurosurgery*, 780 N.E.2d

1183, 1185 (Ind. Ct. App. 2003)). A motion naming a garnishee defendant "must allege that the 'garnishee *has or will have* specified or unspecified nonexempt property of, or an obligation owing to the judgment-debtor subject to execution or proceedings supplemental to execution . . .'" *Id.* (quoting Ind. Tr. R. 69(E)) (emphasis added).

In order for Plaintiff to obtain a court order garnishing a bank account, he must:

> (1) Provide the depository financial institution notice of garnishment proceedings, the unpaid amount of the judgment, and sufficient identifying information about the judgment defendant . . .
>
> (2) Serve . . . upon the depository financial institution an order to answer interrogatories.
>
> (3) If the judgment defendant is an individual, serve . . . upon the depository financial institution a copy of a notice . . . issued by a court that is directed to the judgment defendant . . . that:
>
>> (A) states that the adverse claimant has . . . have served . . . upon one . . . or more depository financial institutions notice that may result in the placing of a hold on deposit accounts maintained by the judgment defendant . . . in such depository financial institutions;
>>
>> (B) states that . . . certain funds are exempt from garnishment . . . under federal or state law;
>>
>> (C) states that if the judgment defendant . . . believes that some or all of the funds in the deposit account on which a hold may have been placed are exempt, [the judgement defendant] . . . is entitled to a . . . hearing . . . to establish exemptions and seeking removal of the hold; and;
>>
>> (D) has attached to it a preprinted detachable form that may be used by the judgment defendant . . . in requesting the . . . hearing specified in clause (C) . . .
>
> (4) Serve . . . upon the depository financial institution a . . . valid order issued by a court that . . . directs the depository financial institution to place a hold on a deposit account identified in the order whenever the conditions under subdivisions (1) through (3) are met.

> (5) Pay to the depository financial institution . . . $5 for each judgment defendant identified by the adverse claimant under subdivision (1).

Ind. Code § 28-9-3-4(d).

In the instant case, Plaintiff did not file a motion for proceedings supplemental at the time of filing his Motion for Writs of Garnishment. The Motion for Writs of Garnishments was neither verified nor supported by affidavit. Plaintiff did not make an allegation that he had no cause to believe that levy of execution against Defendant Stamer would satisfy the judgment. Moreover, Plaintiff alleges that the nine named financial institutions *may hold* bank accounts on Defendant Stamer's behalf, but fails to identify whether Defendant Stamer *had or will have* specified or unspecified nonexempt property of, or an obligation owing to Plaintiff subject to execution or proceedings supplemental to execution. Finally, Plaintiff does not represent if he has complied with all the requirements of Ind. Code § 28-9-3-4(d).

Accordingly, the Court hereby **DENIES** the Plaintiff's Motion for Writs of Garnishment [DE 28], with leave to **re-file** a proper motion for proceedings supplement pursuant to the applicable law.

So ORDERED this 12th day of November, 2015.

s/ John E. Martin
MAGISTRATE JUDGE JOHN E. MARTIN
UNITED STATES DISTRICT COURT

cc: All counsel of record